UNION ASSUR. SOC., Limited, v. OREGON–WASHINGTON R. & NAV. CO.

(Circuit Court of Appeals, Ninth Circuit.  May 19, 1924.)

No. 4203.

1. Evidence ⬅219(3)—Payment for which defendant was liable under a contract held not admissible as an admission of negligence in action by third party.
    Payment by defendant of a claim for damages for which it was liable under a contract was not admissible in evidence as an admission that the damages were caused by its negligence in an action in tort by another to recover for such alleged negligence.

2. Action ⬅38(1)—Complaint held to state causes of action for tort only.
    Under Or. L. 1920, § 94, which does not permit joinder of causes of action for tort and on contract in the same complaint, a complaint *held* to state a cause of action in tort only.

In Error to the District Court of the United States for the District of Oregon; Robert S. Bean, Judge.

Action at law by the Union Assurance Society, Limited, against the Oregon-Washington Railroad & Navigation Company. Judgment for defendant, and plaintiff brings error. Affirmed.

After setting forth the citizenship of the parties and other jurisdictional facts, the amended complaint in this case averred:

That on the 1st day of March, 1921, the plaintiff insured five freight or box cars belonging to the Spokane, Portland & Seattle Railway Company against loss or damage by fire, in the sum of $750 each; that on the 11th day of September, 1921, while so insured, the five freight or box cars were standing on a side track of the insured near McLaughlin station, in the state of Washington; that the defendant, through its agents and servants, operated a train over the main track past the five cars in question; that the defendant was so operating its trains over the tracks of the insured under and by virtue of an agreement between the defendant and the insured, wherein the

insured was designated as the home company and the defendant as the foreign company, and wherein and whereby it was mutually agreed, among other things, as follows:

"The home company shall not be held liable for or on account of any loss, damage, or delay, to the trains, engines, cars, or other property of any kind of either company nor to freight, baggage, or other property of any kind carried in or upon such trains, engines, or cars, nor for or on account of any injury to or death of passengers or employees of either company, or other persons whomsoever, which may be incurred or sustained by reason of such trains being detoured, or by reason of such trains being delayed in such detouring, in whatever manner the same may be caused or occasioned, whether by or through the negligence of the home company, its agents or servants, or by reason of defects in the tracks, structures, or facilities furnished by the home company, or otherwise; it being understood and agreed that all risk of such delay, loss, damage, injury and death shall be and is hereby assumed by the foreign company, and the foreign company shall and will hold harmless the home company from and against all liability or claims for all such delay, loss, damage, injury, and death, and shall and will execute and deliver, or cause to be executed and delivered to the home company upon request, a full and complete release, satisfaction, and discharge of all claims therefor and will pay or cause to be paid all costs and expenses incurred by either company in the clearing of the wrecks and repairs of equipment, track, and property in which by reason of detour movements covered by this agreement the engines, trains, or cars of the foreign company are concerned, expenses and attorney's fees incurred in defending any action which may be brought against the home company on account of any such claim or liability and any judgment which may be rendered against the home company on account thereof."

That at said time and for about three months prior thereto the weather was and had been hot and dry and the vegetation, structures, and combustible objects along and adjacent to the track of the insured over which the defendant was operating its train were dry and inflammable and that said condition was well known to defendant; that nevertheless the defendant carelessly and negligently hauled its train with an engine or engines burning coal which produced and threw out large quantities of burning particles over the dry vegetation, and other dry objects adjacent to the track, and carelessly and negligently failed to equip its engine or engines with safe, proper, or adequate devices for preventing the escape of such burning particles, and carelessly and negligently failed to keep its engines in such repair and condition as would prevent the throwing out of such particles, and carelessly and negligently hauled in said train a large number of cars, consisting of a load so great that the engine or engines labored heavily, thereby increasing the number and size of the burning particles thrown out, and carelessly and negligently ran the train at a high rate of speed; that while said train of defendant was being so run, and by reason of such negligence, the burning particles of coal, so thrown out, set fire to the said freight cars belonging to the insured; that the fire, so caused, damaged said freight cars to the amount of $3,056.49; that in and by the policy of the insurance it was, among other things, provided and agreed between the plaintiff and the insured that, if the plaintiff should claim that any fire causing loss or damage to the insured company was caused by the act or neglect of any person or corporation, the plaintiff should, on payment of the loss, be subrogated to the extent of such payment to all right of recovery by the insured for loss resulting by such fire; that upon payment by plaintiff to the insured of said sum of $3,056.49 the insured assigned, set over, and subrogated to plaintiff all of its rights, claims, and causes of action against the defendant, for and on account of such fire and the loss and damage resulting therefrom; and that the plaintiff is still the owner and holder of the rights, claims, and causes of action, so assigned and transferred.

Upon the trial the plaintiff offered in evidence a bill for damages to the freight cars, rendered by the insured to the defendant, together with a voucher check given in payment thereof. To this offer the defendant objected, upon the ground that the payment thus made was under and on account of the

detour agreement, and not because of any negligence on its part. The objection was sustained, and upon this ruling, and upon the refusal of the court to· submit to the jury the right of the plaintiff to recover under the detour agreement, the principal assignments of error are based.

Veazie & Veazie, of Portland, Or., for plaintiff in error.

Arthur A. Murphy and Arthur C. Spencer, both of Portland, Or., for defendant in error.

Before GILBERT, ROSS, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge (after stating the facts as above). [1] If the case presented by the amended complaint was one sounding in tort, the ruling of the court on the objection to testimony was clearly right, as a payment made on account of the detour agreement would not constitute an admission of liability on account of negligence.

[2] The plaintiff in error contends, however, that the amended complaint stated two causes of action, or two grounds of recovery, one based upon contract, and the other upon tort, and that, inasmuch as there was no demurrer for misjoinder and no motion to require an election, it was entitled to offer testimony and go to the jury upon either theory, or both. With this contention we are unable to agree. Under the laws of Oregon (Olson's 1920, § 94) certain causes of action may be united in the same complaint, but the causes so united must be separately stated, and contract and tort cannot be joined. An objection for misjoinder is waived, if not timely made; but the amended complaint in this case did not purport to state two causes of action, nor did it, in fact, state two causes of action. The reference in the amended complaint to the detour agreement was merely incidental to· the main cause of action stated, and no cause of action was stated for breach of that agreement. Had the insured brought suit against the defendant in error to recover damages under the detour agreement, a breach of that agreement would be an essential part of its cause of action, and the same rule applies where the action is brought by an assignee. Here no breach was alleged, and· consequently no cause of action ex contractu was stated.

For these reasons the court below did not err in holding that the amended complaint stated a cause of action in tort only, and the judgment is affirmed.